# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANDREW LECHTER; SYLVIA THOMPSON; LAWSON F. THOMPSON; RUSSELL DALBA; and KATHRYN DALBA, on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> APRIO, LLP f/k/a HABIF, AROGETI & WYNNE, LLP, ROBERT GREENBERGER, SIROTE & PERMUTT, P.C., BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., SMITH, LEWIS & HALEY, LLP, DAVID C. SMITH, FOREVER FORESTS LLC, NANCY ZAK, JAMES JOWERS, LARGE & GILBERT, INC., CLOWER KIRSCH & ASSOCIATES, LLC, JIM R. CLOWER, SR., TENNILLE & ASSOCIATES, INC., ATLANTIC COAST CONSERVANCY, INC., ROBERT D. KELLER, and GEORGIA ALABAMA LAND TRUST, INC. f/k/a GEORGIA LAND TRUST, INC., <br><br> Defendants. | CASE NO. 1:20-cv-01325-AT <br><br> **JURY DEMANDED** |

## DEFENDANT BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") hereby moves this Honorable Court for an Order dismissing with prejudice all eight claims Plaintiffs asserts against it in the First Amended Class Action Complaint ("Complaint"): (1) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO") (Count I); (2) conspiring to violate RICO (Count II); (3) violations of the Georgia RICO statute, O.C.G.A. § 16-4-1, *et seq*., ("Georgia RICO") (Count III); (4) conspiracy to violate Georgia RICO (Count IV); (5) negligent misrepresentation (Count VI); (6) fraud (Count IX); (7) aiding and abetting other Defendants' alleged wrongdoing (Count X); and (8) civil conspiracy (Count XII).  As grounds for this Motion, Baker Donelson states:

  1. The Court lacks personal jurisdiction over Baker Donelson, a Tennessee professional corporation with its principal place of business in Memphis, Tennessee, and the Northern District of Georgia is not the proper venue because Plaintiffs pled no facts to invoke the Court's jurisdiction over Baker Donelson, to establish this Court is the proper venue, or to invoke Georgia law.

  2. Plaintiffs' Complaint is an impermissible shotgun pleading that should be dismissed with prejudice as to Baker Donelson, particularly as Plaintiffs have had

an opportunity to replead and amend the shotgun allegations and because any further amendment would be futile.

3. Plaintiffs' fraud-based claims (violations of RICO and Georgia RICO, fraud, and negligent misrepresentation) should be dismissed because they are not pled with the requisite particularity and do not plausibly state a claim.

4. Plaintiffs' RICO claims should be dismissed because Plaintiffs fail to plausibly allege the existence of a RICO enterprise, a pattern of racketeering activity, or an injury arising from alleged RICO activity.

5. Plaintiffs' RICO conspiracy claim should be dismissed because the underlying allegations of RICO violations are not viable and because Plaintiffs do not plausibly allege Baker Donelson agreed to the objective of the alleged conspiracy or to commit any acts relating to the alleged conspiracy.

6. Plaintiffs' RICO claims are barred by the statute of limitations.

7. Plaintiffs' Georgia RICO and conspiracy to violate Georgia RICO claims should be dismissed because – as with their federal RICO claims – Plaintiffs fail to plausibly allege the required elements.

8. Plaintiffs' Georgia RICO claims are barred by the statute of limitations.

9. Plaintiffs' fraud claim should be dismissed because Plaintiffs fail to plausibly plead the basic elements of the claim.

10. Plaintiffs' fraud claim is barred by the statute of limitations.

11. Plaintiffs' claim for negligent misrepresentation should be dismissed because Plaintiffs failed to plead facts plausibly supporting the claim.

12. Plaintiffs' claim for negligent misrepresentation is barred by the statute of limitations.

13. Plaintiffs' claim for aiding and abetting should be dismissed because allegations that Baker Donelson aided and abetted violations of RICO or Georgia RICO – without more – are insufficient, the tort of aiding and abetting fraud does not exist as a basis for liability under Georgia law, and Georgia law does not recognize a cause of action for aiding and abetting a breach of fiduciary duties.

14. Plaintiffs' claim for civil conspiracy should be dismissed because Plaintiffs have failed to state a claim for any underlying tort and because Plaintiffs have failed to allege facts demonstrating Baker Donelson conspired with any other party for any purpose, lawful or unlawful.

15. Plaintiffs' derivative requests for punitive damages and attorneys' fees fail because Plaintiffs do not state a claim for relief against Baker Donelson. (Baker Donelson also incorporates its Memoranda in support of its Motions to Dismiss).

Accordingly, Baker Donelson respectfully requests the Court grant this Motion and enter an Order dismissing with prejudice all claims against it. Further,

there being no just reason for delay, Baker Donelson respectfully requests the Court direct entry of a final judgment as to Baker Donelson. Baker Donelson additionally requests all further relief, both general and special, as mandated by the premises, and as justice requires.

Respectfully submitted this 16th day of October, 2020.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**<br>165 Madison Avenue, Suite 2000<br>Memphis, TN  38103<br>901-577-2257 | */s/ Sam Berry Blair*<br>Sam Berry Blair<br>(admitted *pro hac vice*)<br>sblair@bakerdonelson.com<br>Ryan A. Strain<br>(admitted *pro hac vice*)<br>rstrain@bakerdonelson.com<br><br>**Attorneys for Baker Donelson** |
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**<br>Suite 1500, Monarch Plaza<br>3414 Peachtree St., N.E.<br>Atlanta, GA 30326-1164<br>404-577-6000 | */s/ Steven G. Hall*<br>Steven G. Hall<br>Georgia Bar No. 319308<br>shall@bakerdonelson.com<br><br>**Attorney for Baker Donelson** |

4822-0557-6653v1
2870000-000149

## FONT CERTIFICATION

The undersigned counsel for Baker Donelson hereby certifies that the foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1.

>*/s/ Sam Berry Blair*
>Sam Berry Blair
>(admitted *pro hac vice*)
>sblair@bakerdonelson.com
>BAKER DONELSON BEARMAN
>CALDWELL & BERKOWITZ, P.C.
>165 Madison Avenue, Suite 2000
>Memphis, TN  38103
>901-577-2257

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF filing system, which will automatically send e-mail notification of such filing to all counsel of record.

This 16th day of October, 2020.

>*/s/ Sam Berry Blair*
>Sam Berry Blair
>(admitted *pro hac vice*)
>sblair@bakerdonelson.com
>BAKER DONELSON BEARMAN
>CALDWELL & BERKOWITZ, P.C.
>165 Madison Avenue, Suite 2000
>Memphis, TN  38103
>901-577-2257

5