## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANDREW LECHTER; SYLVIA THOMPSON; LAWSON F. THOMPSON; RUSSELL DALBA; and KATHRYN DALBA, on behalf of themselves and all other similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>APRIO, LLP f/k/a HABIF, AROGETI & WYNNE, LLP; ROBERT GREENBERGER; SIROTE & PERMUTT, P.C.; BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.; SMITH, LEWIS & HALEY, LLP; DAVID C. SMITH; FOREVER FORESTS LLC; NANCY ZAK; JAMES JOWERS;  LARGE & GILBERT, INC.; CLOWER KIRSCH & ASSOCIATES, LLC; JIM R. CLOWER, SR.; TENNILLE & ASSOCIATES, INC.; ATLANTIC COAST CONSERVANCY, INC.; ROBERT D. KELLER; and GEORGIA ALABAMA LAND TRUST, INC. f/k/a GEORGIA LAND TRUST, INC.,<br><br>   Defendants. | CIVIL ACTION NO. 1:20-CV-01325-AT |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS APRIO, LLP AND ROBERT GREENBERGER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
John H. Rains IV
Georgia Bar No. 556052
rains@bmelaw.com
Jennifer L. Peterson
Georgia Bar No. 601355
peterson@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
(404) 881-4100 (telephone)
(404) 881-4111 (facsimile)

*Attorneys for Defendants*
*Aprio, LLP and Robert Greenberger*

#3106892v1

# TABLE OF CONTENTS

**Page**

I.   Plaintiffs' RICO Claims Are Not Plausibly or
     Particularly Pleaded ...................................................................2

     *PSLRA* .........................................................................................2

     *Conduct* .......................................................................................5

     *Racketeering activity* .................................................................6

     *Enterprise* ...................................................................................7

     *Conspiracy* ..................................................................................8

     *Proximate cause* .........................................................................9

II.  Most of Plaintiffs' Claims Are Time-Barred ................................10

III. Plaintiffs' Common-Law Claims Must Be Dismissed ..................11

     *Fraud, negligent misrepresentation* ...........................................11

     *Professional negligence* .............................................................13

     *Breach of fiduciary duty, disgorgement* .....................................14

IV.  Plaintiffs' Request for Leave to Amend Should Be Denied .........15

i

# TABLE OF AUTHORITIES

**Case**                                                            **Page**

*Avrahami v. Clark*
  No. CV-19-04631-PHX-SPL, 2020 WL 2319922
  (D. Ariz. May 8, 2020) ..........................................................13, 15

*Badische Corp. v. Caylor*
  257 Ga. 131 (1987) ......................................................................14

*Bauer v. Weeks*
  267 Ga. App. 617 (2004) .............................................................11

*Becks v. Emery-Richardson, Inc.*
  No. 86-6866-CIV, 1990 WL 303548
  (S.D. Fla. Dec. 21, 1990) ..........................................................3–4

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)...............................................................1, 6–8

*Boyle v. United States*
  556 U.S. 938 (2009).....................................................................8

*Brannen v. United States*
  No. 4:11-CV-0135-HLM, 2011 WL 8245026
  (N.D. Ga. Aug. 26, 2011) .............................................................1

*Burgess v. Religious Tech. Ctr., Inc.*
  600 F. App'x 657 (11th Cir. 2015)...............................................12

*Conley v. Gibson*
  355 U.S. 41 (1957)........................................................................1

*Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*
  945 F.3d 1150 (11th Cir. 2019) ...................................................15

*Day v. Taylor*
  400 F.3d 1272 (11th Cir. 2005) ...................................................................... 1

*Denney v. Deutsche Bank AG*
  443 F.3d 253 (2d Cir. 2006) ........................................................................ 10

*Fortson v. Hotard*
  299 Ga. App. 800 (2009) .............................................................................. 13

*Glob. Payments, Inc. v. InComm Fin. Servs., Inc.*
  308 Ga. 842 (2020) ...................................................................................... 12

*Handeen v. Lemaire*
  112 F.3d 1339 (8th Cir. 1997) ...................................................................... 5

*In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*
  No. 1:13-MD-2495-TWT, 2018 WL 3497153
  (N.D. Ga. July 20, 2018) .............................................................................. 11

*In re Pac One, Inc.*
  No. 01-85027, 2008 WL 11405994
  (N.D. Ga. June 25, 2008) .............................................................................. 13

*Intelligent Inv. Int'l LLC v. Fu*
  No. 1:17-cv-5296, 2019 WL 1281204
  (N.D. Ga. Mar. 20, 2019) .............................................................................. 3

*Licht v. Watson*
  567 F. App'x 689 (11th Cir. 2014) ................................................................ 2

*McMillian v. McMillian*
  310 Ga. App. 735 (2011) .............................................................................. 15

*Menzies v. Seyfarth Shaw LLP*
  943 F.3d 328 (7th Cir. 2019) ........................................................................ 4

*Mizzaro v. Home Depot, Inc.*
  544 F.3d 1230 (11th Cir. 2008) ............................................................... 7, 12

*Newmyer v. Philatelic Leasing, Ltd.*
  888 F.2d 385 (6th Cir. 1989) ........................................................................3

*Ouwinga v. Benistar 419 Plan Services, Inc.*
  694 F.3d 783 (6th Cir. 2012) ....................................................................4, 8

*Palatkevich v. Choupak*
  No. 12 CIV. 1681 CM, 2014 WL 1509236
  (S.D.N.Y. Jan. 24, 2014) ..............................................................................6

*Ray v. Spirit Airlines, Inc.*
  836 F.3d 1340 (11th Cir. 2016) ...................................................................9

*Reves v. Ernst & Young*
  507 U.S. 170 (1993).......................................................................................5

*Rezner v. Bayerische Hypo-und Vereinsbank AG*
  630 F.3d 866 (9th Cir. 2010) ........................................................................4

*SEC v. Edwards*
  540 U.S. 389 (2004).................................................................................2–3

*SEC v. W.J. Howey Co.*
  328 U.S. 293 (1946).................................................................................2–3

*Smiley v. Blasingame, Burch, Garrad & Ashley, P.C.*
  352 Ga. App. 769 (2019) ............................................................................14

*Stechler v. Sidley, Austin Brown & Wood, L.L.P.*
  382 F. Supp. 2d 580 (S.D.N.Y. 2005) ......................................................4–5

*United States ex rel. Clausen v. Lab. Corp. of Am.*
  290 F.3d 1301 (11th Cir. 2002) .................................................................13

*United States v. Eggersdorf*
  126 F.3d 1318 (11th Cir. 1997) ...................................................................4

*United States v. Silvestri*
    409 F.3d 1311 (11th Cir. 2005) ........................................................8

*Warner v. Alexander Grant & Co.*
    828 F.2d 1528 (11th Cir. 1987) ...................................................10

*Williams v. Mohawk Indus.*
    465 F.3d 1277 (11th Cir. 2006) ....................................................8

**<u>Rules, Statutes and Other Authorities:</u>**

18 U.S.C. § 1964(c) ...............................................................2, 5

26 U.S.C. § 6694 ...................................................................14

26 C.F.R. § 301.6222-1(a)(1)...................................................7

Fed. R. Civ. P. 8(a)(2) ...........................................................1–2

Fed. R. Civ. P. 9(b) ...............................................................6

Fed. R. Civ. P. 12(b)(6).........................................................1–2

O.C.G.A. § 9-11-9(b) ...........................................................6

Plaintiffs' First Amended Complaint ("FAC") [Dkt. 155] fails to state a claim against Defendants Aprio, LLP and Robert Greenberger and must be dismissed with prejudice, since further amendment would be futile. As currently pleaded, the already-lengthy FAC lacks the factual heft to connect Aprio or Mr. Greenberger to the scheme it purports to allege. It falls short of stating RICO violations in several respects, lacks the required particularity of pleading, and fails to resuscitate its obviously time-barred claims. For these and all the reasons set forth in Aprio and Mr. Greenberger's initial brief in support of their motion to dismiss [Dkt. 170-1], the FAC must be dismissed.[1]

---

[1]   As an initial matter, "Plaintiffs cannot amend their Complaint through their brief in response to the motion to dismiss." *Brannen v. United States*, No. 4:11-CV-0135-HLM, 2011 WL 8245026, at *5 (N.D. Ga. Aug. 26, 2011). When the First Amended Complaint is viewed through the lenses of Rules 8(a)(2), 9(b), and 12(b)(6), rather than through Plaintiffs' attempts to recast and revise their allegations through their briefing, it comes up irremediably short.

Plaintiffs are also wrong that "the threshold is 'exceedingly low' for a complaint to survive a motion to dismiss for failure to state a claim." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Although that was true under the old "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41, 45 (1957), *cited in Day*, 400 F.3d at 1275, the Supreme Court has instructed that the old standard is "best forgotten." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

Following *Twombly*, the threshold to survive dismissal is plausibility. *Id.* at 557. Bare and conclusory allegations of wrongdoing, without "some further factual enhancement," do not suffice. *Id.* Although the First Amended Complaint is long, it is short on facts and meets neither the plausibility standard of Rules 8(a)(2) and

## I.   Plaintiffs' RICO Claims Are Not Plausibly or Particularly Pleaded.

Plaintiffs' federal RICO claims must be dismissed because they could have been brought as securities fraud claims and because they do not plausibly allege Aprio or Mr. Greenberger's conduct of an enterprise or agreement to engage in racketeering activity that directly caused Plaintiffs' injuries. Plaintiffs' Georgia RICO claims share several of these problems and must also be dismissed.

***PSLRA.*** 18 U.S.C. § 1964(c) bars RICO claims that "rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities." Plaintiffs respond only that the third element of the definition of "securities" is not satisfied.[2] This argument fails in light of Plaintiffs' unavailing authorities and their allegations in the FAC. "[C]ourts have applied the RICO bar in § 1964(c) broadly" because Congress intended the securities laws to regulate investments broadly.[3]

Although Plaintiffs cite a remark from this Court that "real estate transactions are not generally investment contracts," that case goes on to explain that "the scope of that rule is much narrower than the definition of an investment contract that

---

12(b)(6) nor the heightened standard of Rule 9(b).

[2]     *See SEC v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946) ("an investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise *and is led to expect profits solely from the efforts of the promoter or a third party*") (emphasis added).

[3]     *Licht v. Watson*, 567 F. App'x 689, 693 (11th Cir. 2014); *SEC v. Edwards*, 540 U.S. 389, 393 (2004).

Plaintiffs try to avoid."[4] Plaintiffs also rely on the decision of a single administrative law judge that tax deductions are not "profits," a ruling that is of course not binding upon this Court.[5] What is binding is the Supreme Court's emphasis on "the commonsense understanding of 'profits' in the *Howey* test" as "financial returns on . . . investments." *Edwards*, 540 U.S. at 396.

Such returns are precisely what Plaintiffs have alleged: that investors were offered an "Investment Proposal" in which the LLC would hold the property for future development and "possible capital appreciation in the value of the Property." FAC ¶¶ 75(b),(f), 107(b), 135(b),(f). This is a clear and classic "investment contract" that satisfies the *Howey* definition. Likewise, the FAC also alleges that under the "Conservation Easement Proposal," investors could expect to receive "more than 2.5 times" their initial investment in the form of a tax deduction. *Id.* ¶ 107(b),(h). This expectation of a proportional return on investment also satisfies *Howey*.[6]

---

[4]     *Intelligent Inv. Int'l LLC v. Fu*, No. 1:17-cv-5296, 2019 WL 1281204, at *6 (N.D. Ga. Mar. 20, 2019) (holding that the LLC interests were securities). *See also* Dkt. 170-1 at 20 n.18 (collecting similar cases).

[5]     It is not even binding upon the agency: the next ALJ assigned to the case declined to reconsider only because it would have "prejudice[d] the Respondent[] unduly" to do so on the eve of the hearing. S.E.C. Release No. 5539, 2018 WL 9964959, at *2 (Jan. 26, 2018). Nor is the Sixth Circuit dicta that the first ALJ cited binding or supportive of Plaintiffs' position. *See Newmyer v. Philatelic Leasing, Ltd.*, 888 F.2d 385, 394 (6th Cir. 1989) (holding the investors could have realized profits from the appreciation of their investment, not just tax deductions).

[6]     Plaintiffs' own authority agrees. *See Becks v. Emery-Richardson, Inc.*, No.

Plaintiffs also argue that the PSLRA bar does not apply because the securities were not integral to the alleged fraudulent scheme. Again, their own allegations contradict this argument. According to the FAC, the formation of the LLCs was the very first step in the so-called "Strategy." FAC ¶ 43(a). And the Plaintiffs' purchase of an LLC interest was the only transaction that allowed them to claim a charitable deduction. *Id.* ¶¶ 79, 110, 138. Because Plaintiffs have chosen to plead that the RICO enterprise achieved its purpose by "fraudulently selling a series of transactions," *id.* ¶ 233, those sales of LLC interests are central to the alleged scheme.[7] And because the FAC "consistently refers to the Strategy as a single, unified product," the sale of securities cannot be separated from that scheme. *Stechler v. Sidley, Austin Brown &*

---

86-6866-CIV, 1990 WL 303548, at *17 (S.D. Fla. Dec. 21, 1990) (criticizing parties that "define 'profits' too narrowly and overlook more expansive definitions of that term indicating that an expected tax benefit and guaranteed return can satisfy the 'profit' requirement for an investment contract").

[7]     Thus, the FAC is different from the "one step removed" cases Plaintiffs cite—those where a fraudulent scheme centered on non-securities transactions that were designed to offset the separate gains from the sale of a security. *See, e.g., Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 335 (7th Cir. 2019); *Rezner v. Bayerische Hypo-und Vereinsbank AG*, 630 F.3d 866, 872 (9th Cir. 2010). Here, the LLC investments are themselves the "strategy" that Plaintiffs allege.

*Ouwinga v. Benistar 419 Plan Services, Inc.*, 694 F.3d 783 (6th Cir. 2012), is also inapposite because "the fraud and the securities transactions were essentially independent events." *Id.* at 791. Additionally, the Sixth Circuit's entire PSLRA analysis in *Ouwinga* is dicta. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322 n.4 (11th Cir. 1997). The district court "did not find the Ouwingas' RICO claims barred by the PSLRA," 694 F.3d at 790, so the Sixth Circuit's discussion of the PSLRA bar was not necessary to its decision to reverse the district court.

*Wood, L.L.P.*, 382 F. Supp. 2d 580, 597 (S.D.N.Y. 2005) (granting motion to dismiss federal RICO, and declining to exercise jurisdiction over remaining state claims). Thus, no part of the alleged scheme is actionable under 18 U.S.C. § 1964(c).[8]

*Conduct.* Plaintiffs' briefing cannot rescue their failure to plausibly allege that Aprio or Mr. Greenberger participated in the operation or management of the RICO enterprise.[9] To the contrary, Plaintiffs' brief confirms that the allegations on which they are chiefly relying are those of Aprio's preparation of tax returns, transactional documents, audit support, and associated advice. That is precisely the sort of "ordinary professional assistance" that accountants perform every day and that does not satisfy the *Reves* standard. *Handeen v. Lemaire*, 112 F.3d 1339, 1348 (8th Cir. 1997); *see also* Dkt. 170-1 at 26–27 (collecting cases).[10]

Beyond those ordinary services, any further allegations in the FAC are either

---

[8]     Nor does it matter that the alleged scheme might have been accomplished without the use of the LLC form. "Perhaps there is a sense in which the Strategy might have been designed differently: but whether an alleged fraud is in connection with a securities transaction cannot be made to turn on whether, hypothetically, the fraud might have been accomplished without the involvement of securities. All that matters is that the alleged fraud which is actually, not hypothetically, before the Court *did* involve securities." *Stechler*, 382 F. Supp. 2d at 598.

[9]     *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).

[10]     Contrary to Plaintiffs' argument, even if some of the documents Aprio is alleged to have prepared were defective or even fraudulent, courts consistently hold that allegations of fraud do not substitute for the necessary allegations of operation or management. *See* Dkt. 170-1 at 26–27 n.34 (collecting cases).

inappropriate group pleading or impermissible conclusory labeling. For example, although Plaintiffs argue that Aprio directed the appraisers, the FAC actually alleges that "the Aprio Defendants and Sponsors" did so. FAC ¶¶ 5, 43(b). An allegation that lumps Aprio and Mr. Greenberger together with five other parties is insufficient to show that Aprio or Mr. Greenberger directed anything.[11]

As another example, Plaintiffs highlight their allegation that Aprio and Mr. Greenberger conducted "dog and pony shows." *Id.* ¶ 242(a). This evocative but empty label is precisely the sort of conclusory pleading that "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, Plaintiffs re-emphasize that Aprio had "involvement" with every LLC. *See* FAC ¶ 55. That fact fails to show management of the enterprise because such parallel conduct has the "obvious alternative explanation" that a respected accounting firm was hired to provide ordinary, lawful accounting services. *See Twombly*, 550 U.S. at 567. The federal RICO claims against Aprio and Mr. Greenberger must be dismissed with prejudice.

***Racketeering activity.*** Plaintiffs acknowledge that they must plead their predicate acts with particularity, Fed. R. Civ. P. 9(b), O.C.G.A. § 9-11-9(b), but they

---

[11]   *See, e.g.*, *Palatkevich v. Choupak*, No. 12 CIV. 1681 CM, 2014 WL 1509236, at *16 (S.D.N.Y. Jan. 24, 2014) (dismissing RICO claims against individual lumped in with others who directed the enterprise). *See also* FAC ¶¶ 49 (lumping Aprio and Mr. Greenberger together with 12 other individuals and entities), 160–163 (lumping Aprio and Mr. Greenberger together with 11 other individuals and entities).

have failed to do so. Even if it were appropriate for Plaintiffs to amend their list of predicate acts via their response brief, none of the group-pleaded acts identified in their brief is pleaded with particularity against Aprio or Mr. Greenberger.

As already noted, the FAC impermissibly lumps Aprio and Mr. Greenberger together with a more than a dozen other Defendants in its allegations regarding appraisals, Forms 8283, Promotional Materials, tax returns, and the other mail it identifies as part of the scheme. Worse, the FAC fails to plead "the content of such statements and the manner in which they misled the plaintiff." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).[12] Plaintiffs appear to concede this point when they respond that an innocent mailing can supply the mail element of an act of mail fraud. But the FAC fails to meet its pleading burden even viewed through that lenient lens, for Plaintiffs have still not pleaded *how* (much less *that*) any mail sent by Aprio or Mr. Greenberger was essential to the greater scheme to defraud.

**Enterprise.** Plaintiffs erroneously rely on a pre-*Twombly* statement that the "common purpose of making money" suffices to establish a RICO enterprise. *See*

---

[12]    Plaintiffs fare no better with their allegation that Mr. Greenberger advised the Dalbas to report their share of the LLC's charitable tax deduction on their personal return. Advising an LLC member to report items consistently with the partnership tax return is not fraud; it is the law. *See* 26 C.F.R. § 301.6222-1(a)(1) ("The treatment of partnership-related items . . . on a partner's return must be consistent with the treatment of such items on the partnership return in all respects[.]").

*Williams v. Mohawk Indus.*, 465 F.3d 1277, 1284 (11th Cir. 2006). That is no longer the law.[13] As the Eleventh Circuit recently explained, "[W]here the participants' ultimate purpose is to make money for themselves, a RICO plaintiff must plausibly allege that the participants shared the purpose of enriching themselves through a particular criminal course of conduct." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). Plaintiffs have not done so. Instead, the FAC alleges that receiving fees was the motive, without providing any facts that plausibly support an inference that Aprio sought to earn fees "*by fraud*, which is a common purpose sufficient to find a RICO enterprise, as opposed to the obvious alternative explanation" that Aprio sought to earn fees from lawful accounting services, "which is not." *Id.* at 1212 (citations omitted).[14]

**Conspiracy.** Likewise, the FAC fails to plausibly allege a RICO conspiracy. Although Plaintiffs observe that they can allege circumstantial evidence that Aprio and Mr. Greenberger agreed to the RICO scheme,[15] their allegations must still be

---

13    It is also no longer the law that a plaintiff must allege an "ascertainable structure." *Boyle v. United States*, 556 U.S. 938, 940–41 (2009). Plaintiffs' argument that their boilerplate allegation of an "ascertainable structure," FAC ¶ 238, suffices to plausibly allege a distinct enterprise fails to grasp both *Boyle* and *Twombly*.

14    Thus, this case is again unlike *Ouwinga*. There, the Sixth Circuit found that the complaint had alleged a "common purpose of promoting a fraudulent welfare benefit plan." 694 F.3d at 795. Here, FAC ¶ 200 alleges only that the purpose and the "primary, if not sole, motive" of the scheme was to receive fees.

15    *See United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005).

plausible. Where an alleged agreement is equally susceptible to the "obvious alternative explanation" of lawful parallel conduct, it fails to state a claim. *Id.* at 1212, 1220. Again, the FAC provides no factual basis to infer that Aprio's preparation of tax returns and provision of other accounting services and advice to multiple entities was anything other than ordinary and lawful.[16]

***Proximate cause.*** As more fully explained in Aprio's initial brief [Dkt. 170-1 at 32–35], the federal and Georgia RICO claims must be dismissed because the FAC fails to allege any "direct relation" between any conduct by Aprio or Mr. Greenberger and any injury that the Plaintiffs suffered.[17] The allegedly fraudulent conduct that Plaintiffs emphasize in their response is conduct that targeted either the LLCs or the IRS: the sending of appraisals, deeds, Forms 8283, and tax returns.

To whatever extent any LLC may have suffered or will suffer a direct injury from any predicate act, its members are not presumed to have also done so. The taxation principle Plaintiffs cite—that income passes through an LLC to its members for tax purposes—does not mean that the legal chain of causation of injury also

---

[16]    Not only does the FAC fail to allege Aprio's participation in a scheme to defraud, but the documents to which it repeatedly refers establish just the opposite. Proof that Defendants warned investors that the charitable deductions were uncertain is fundamentally incompatible with Plaintiffs' allegations that Defendants, in a unified scheme, intended to deceive investors about claiming the deduction. *Compare, e.g.*, FAC ¶ 54 *with* Dkt. 172-3 at 48; *see generally* Dkt. 170-1 at 40 n.44.

[17]    *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016).

9

passes through, as if the LLC did not exist. Plaintiffs cite no authority for that novel proposition. Because any fraud alleged against Aprio or Mr. Greenberger targeted the LLCs at most, and because the Plaintiffs' injuries "deriv[e] solely from their status" as LLC members,[18] their RICO claims must be dismissed.

## II.   Most of Plaintiffs' Claims Are Time-Barred.

Plaintiffs attempt to defend their obviously-stale claims by arguing, perplexingly, that they are not yet ripe: that the statute of limitations will not begin to run until the Tax Court's final judgment. To be sure, Aprio and Mr. Greenberger would not object to the dismissal of the First Amended Complaint as unripe.[19] But Plaintiffs' own allegations provide clear points in time several years ago when they reasonably should have discovered the injuries of which they now complain.

Although a discovery rule applies to Plaintiffs' RICO claims, the statute of limitations on those claims (as well as on their common-law claims if they were entitled to tolling) began to run years ago at the latest. Contrary to Plaintiffs' argument, finding out that a company you invested in is being audited by the IRS and being told you need to hire an accountant and lawyer, FAC ¶ 255(o),[20] is quite

---

[18]     *Cf. Warner v. Alexander Grant & Co.*, 828 F.2d 1528, 1530 (11th Cir. 1987).
[19]     *See, e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) (class members who had not yet been assessed IRS penalties lacked RICO standing).
[20]     This allegation means the statute of limitations began to run for claims arising out of Mossy Rock, LLC on May 22, 2014 at the latest. For Maple Landing, LLC,

analogous to seeing water leak into your home and hiring a handyman. *See Bauer v. Weeks*, 267 Ga. App. 617, 619 (2004). In that moment, both the investor and the homeowner know that something is amiss, so the statute of limitations begins to run. *Id.* Plaintiffs' RICO claims are thus plainly and facially time-barred.[21]

With respect to Plaintiffs' common-law claims, Plaintiffs are not entitled to any fraud-based tolling because they have not pleaded any fraud with particularity—not their claim for fraud, and not the fraudulent concealment of their remaining claims. Nor have they pleaded their own diligence. Plaintiffs have provided no basis for tolling claims arising out of investments they made a decade ago.[22]

## III.   Plaintiffs' Common-Law Claims Must Be Dismissed.

***Fraud, negligent misrepresentation.*** As described above, Plaintiffs have failed to plead their fraud-based RICO predicates with particularity. This failure also infects and dooms their claims for fraud and negligent misrepresentation.

---

the FAC alleges that members were notified that the IRS was disallowing the deduction on November 25, 2014, so the statute began to run on that date at the latest. *See* FAC ¶ 98. For Oakhill Woods, LLC, the FAC alleges that Lechter received a letter informing him of the disallowance on July 12, 2016, so the statute began to run on that date at the latest. *See id.* ¶ 155. These three dates are the absolute latest that the statute could have begun to run if Plaintiffs are entitled to any tolling.

[21]   Plaintiffs' argument about the separate accrual of post-audit RICO injuries is defeated by their own allegations that those damages were a continuation of the original, single scheme. *See* Dkt. 170-1 at 30–32 (citing FAC ¶¶ 195, 215).

[22]   *See generally In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, No. 1:13-MD-2495-TWT, 2018 WL 3497153, at *5 (N.D. Ga. July 20, 2018).

Plaintiffs' own authority for the fraud pleading standard confirms that a plaintiff must still plead "the content of such [fraudulent] statements and the manner in which they misled the plaintiff." *Mizzaro*, 544 F.3d at 1237. Another of Plaintiffs' authorities is equally applicable to the defects of the First Amended Complaint here:

> Here, the plaintiffs identified eleven different misrepresentations, but none of the allegations indicated the date, time, or place of any misrepresentation. Nor did the plaintiffs identify which of the many defendants was responsible for the specific statement. . . . Moreover, the plaintiffs lump all the defendants together as the sources of the misrepresentations . . . This court has repeatedly held that lumping multiple defendants together in such generalities is insufficient under Rule 9(b).

*Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 663 (11th Cir. 2015) (dismissing fraud and RICO claims). Nor is it enough to allege that a defendant transmitted false information. *Glob. Payments, Inc. v. InComm Fin. Servs., Inc.*, 308 Ga. 842, 845–46 (2020) (dismissing negligent misrepresentation claim). Rather, a plaintiff must allege that a defendant made a false representation to him. *Id.* at 846.

The claims for fraud and negligent misrepresentation rely on the same list of frauds in ¶ 351 of the FAC. Not one of the 77 statements or omissions listed there includes the time, date, or place, or states which Defendant was responsible. All 77 lump *all* of the Defendants together—not just Aprio and Mr. Greenberger. Plaintiffs' own authorities highlight further shortcomings in their pleading: plainly, the group pleading doctrine in securities litigation that Plaintiffs invoke in their brief does not

apply.[23] Nor does the exception for situations where information is in the defendants' control.[24] Plaintiffs have not alleged that they lack access to information[25]—nor could they, since nearly all of the ¶ 351 items were directed to the Plaintiffs.

   *Professional negligence.* As explained in Aprio's initial brief [Dkt. 170-1 at 36–37], this count must be dismissed because Plaintiffs simply do not allege an accountant-client relationship between any Plaintiff or Class Member and Aprio or Mr. Greenberger. The most the FAC alleges is that Aprio and Mr. Greenberger "provided services and advice" to Plaintiffs, but even taken as true, Plaintiffs' failure to allege that they *employed* Aprio or Mr. Greenberger as their accountant is fatal to their claim for professional negligence.[26] Instead, the FAC confirms that Aprio "prepared the Syndicates' tax returns." FAC ¶ 53. The fact that preparing a partnership tax return involves preparing Schedule K-1s does not make each partner

---

[23]     *Cf. In re Pac One, Inc.*, No. 01-85027, 2008 WL 11405994, at *5 (N.D. Ga. June 25, 2008). The FAC alleges nothing like a "formal corporate statement" such as a prospectus or registration statement. Plaintiffs attempt to invoke securities when it suits them, but deny that their allegations involve securities when it does not.

[24]     *See United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1314 n.25 (11th Cir. 2002) (declining to apply a more lenient pleading standard).

[25]     *Id.* (when the Rule 9(b) standard is to be relaxed, "pleaders must allege that the necessary information lies within the defendant's control").

[26]     *See, e.g.*, *Fortson v. Hotard*, 299 Ga. App. 800, 802 (2009); *see also Avrahami v. Clark*, No. CV-19-04631-PHX-SPL, 2020 WL 2319922, at *7 (D. Ariz. May 8, 2020) (dismissing professional malpractice claim that "does not adequately describe the relationship between each individual Defendant and Plaintiffs and how the nature of the relationship imposed a specific duty of care on each Defendant").

who receives a K-1 a client of the partnership's tax preparer.[27]

Plaintiffs' sole response is that non-clients can still sue for negligent misrepresentation. *See Badische Corp. v. Caylor*, 257 Ga. 131, 133 (1987). But as just discussed, that claim must be dismissed for its own pleading defects. In addition, Plaintiffs' argument that Aprio intended Plaintiffs to rely on their advice is entirely disproven by the contents of the warnings and disclaimers in the Promotional Materials referred to in the FAC. *See* Dkt. 170-1 at 38–40 & n.44.[28]

***Breach of fiduciary duty, disgorgement.*** These counts must be dismissed because the FAC alleges no basis for a fiduciary duty toward any Plaintiff or Class Member. A claim for breach of fiduciary duty that is premised on the same relationship, the same conduct, and the same damages as a claim for professional malpractice must also fail in the absence of an accountant-client relationship.[29]

---

[27]     Plaintiffs' response cites one case about a prosecution under 26 U.S.C. § 6694, but whether someone is a "preparer" under the Internal Revenue Code has no bearing on whether an accountant-client relationship exists under state law.

[28]     In their response, Plaintiffs observe that none of the documents in the Promotional Materials is a contract with or a disclaimer directed at Aprio or Mr. Greenberger. But that is not the point. The Promotional Materials make clear that no *investor* should rely on anything but the advice of his or her own attorney or tax advisor. *See, e.g.*, Dkt. 172-3 at 4, 21, 105. In the absence of an allegation that Aprio or Mr. Greenberger was any Plaintiff's own tax advisor, any reliance upon any advice from Aprio or Mr. Greenberger was unreasonable as a matter of law.

[29]     *See Smiley v. Blasingame, Burch, Garrad & Ashley, P.C.*, 352 Ga. App. 769, 776 (2019); *compare* FAC ¶¶ 325, 326, 329 *with id.* ¶¶ 344, 345 (reciting same basis for duty, causation, and damages). Contrary to Plaintiffs' argument in their response,

Of course, if the claim for breach of fiduciary duty is dismissed, the derivative claim for disgorgement must be dismissed as well. That claim seeks disgorgement of fees paid to Aprio as damages for its alleged breach of fiduciary duty, rather than stating an independent cause of action.[30] It also must be dismissed because the FAC does not allege that any Plaintiff or Class Member ever paid any fees to Aprio or Mr. Greenberger.

## IV.   Plaintiffs' Request for Leave to Amend Should Be Denied.

Amendment would be futile[31] because Plaintiffs have not explained how they would remedy their pleading deficiencies. A Second Amended Complaint would suffer from the same insurmountable flaws: time-bars and PSLRA-bars, no fraud, no accountant-client relationship, and no reasonable reliance. Aprio and Mr. Greenberger respectfully request dismissal of the FAC with prejudice.

---

both ¶ 325 (professional malpractice) and ¶ 344 (breach of fiduciary duty) invoke the same duty of care arising from "codes of professional responsibility" "[a]s professional advisors."

[30]    *See McMillian v. McMillian*, 310 Ga. App. 735, 738–39 (2011) (discussing disgorgement as a remedy); FAC ¶ 348. *See also Avrahami*, 2020 WL 2319922, at *7 (dismissing claims for breach of fiduciary duty and disgorgement because plaintiffs "fail to allege an underlying contractual relationship or other direct relationship" with the defendants).

[31]    *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1163 (11th Cir. 2019) (denial of leave to amend appropriate when it would be futile).

Respectfully submitted this 18th day of December, 2020.

/s/ John H. Rains IV
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
John H. Rains IV
Georgia Bar No. 556052
rains@bmelaw.com
Jennifer L. Peterson
Georgia Bar No. 601355
peterson@bmelaw.com

**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
(404) 881-4100 (telephone)              *Attorneys for Defendants*
(404) 881-4111 (facsimile)              *Aprio, LLP and Robert Greenberger*

16

## <u>CERTIFICATE OF RULE 7.1(D) COMPLIANCE</u>

Under Local Rule 7.1(D), I hereby certify that this document complies with the font and point selections set forth in Local Rule 5.1. This document was prepared in Times New Roman 14-point font.

<u>*/s/ John H. Rains IV*</u>
John H. Rains IV

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of this **REPLY BRIEF IN SUPPORT OF DEFENDANTS APRIO, LLP AND ROBERT GREENBERGER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** was served on all counsel of record through the Court's electronic filing system.

This 18th day of December, 2020.

*/s/ John H. Rains IV*
John H. Rains IV