**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANDREW LECHTER, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:20-CV-01325-AT |
| APRIO, LLP f/k/a HABIF, AROGETI ) | |
| & WYNNE, LLP, et al. ) | |
| ) | JURY DEMAND |
| *Defendants*. ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISREGARD IMPROPER ARGUMENTS IN BAKER DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.'S REPLY IN SUPPORT OF ITS MOTION FOR RULE 11 SANCTIONS**

Baker Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") improperly advances two new arguments for the first time in its reply in support of its Motion for Rule 11 Sanctions ("Reply") (Dkt. 270). "Generally, the Court will not consider new arguments raised for the first time in a Reply brief." *Black Voters Matter Fund v. Raffensperger*, 478 F. Supp. 3d 1278, 1304 n.15 (N.D. Ga. 2020), *aff'd sub nom. Black Voters Matter Fund v. Sec'y of State for Georgia*, 11 F.4th 1227 (11th Cir. 2021). This logic applies with even greater force here because Rule 11 requires that respondents receive notice and the opportunity to revise or withdraw filings before the Court will hear a sanctions motion. *See* Fed. R. Civ. P. 11(c)(2).

1

The first of Baker Donelson's improper arguments is the factual position that "Baker Donelson …never worked on the conservation easement transaction known as Belair Woods." Reply ¶ 2; *see also* Reply ¶¶ 9, 10, 11. Baker Donelson knew when it filed its Motion for Rule 11 Sanctions ("Motion") that Plaintiffs relied, in part, on the Declaration of Nancy Zak in the *Belair Woods* Tax Court case to support their allegations against Baker Donelson. It knew this because Plaintiffs provided the Zak Declaration to Baker Donelson on April 2, 2020 as support for their allegations. Indeed, Baker Donelson attached the Zak Declaration as Exhibit 2 to its Motion. This Declaration has the *Belair Woods* case caption on its first page.

Twenty months after receiving the Zak Declaration from Plaintiffs, Baker Donelson now argues for the first time in reply and through unsworn *ipse dixit* that Zak's sworn testimony in her Declaration regarding Baker Donelson's involvement in *Belair Woods* is false. This is an ambush. Insofar as Baker Donelson intended to contest any contents of the Zak Declaration, it should have done so in its opening brief. Plaintiffs should have had the opportunity to address Baker Donelson's attempt to distance itself from *Belair Woods* in their Response in Opposition to the Motion. Because the argument is unsworn, and because it conflicts with the sworn

testimony of Zak, it should not be credited.[1]  *See* N.D. Ga. Local Rule 7.1(a) ("If allegations of fact are relied upon, supporting affidavits ***must*** be attached to the memorandum of law.") (emphasis added).  And because Baker Donelson withheld this purported fact for 20 months, it does not shed light on what Plaintiffs knew or should have known when they filed their original or amended complaints.

Baker Donelson's second improper argument in its Reply is its alternative legal position that the Court should sanction Plaintiffs under its inherent powers. Reply ¶ 21.  Again, there is no justifiable reason for Baker Donelson to have waited until its Reply to raise this argument.  It could have asserted this argument in its opening brief as an alternative theory in support of the relief it sought.  But it did not so.  Having elected to bypass this argument in its opening brief, Baker Donelson has now waived it.  *Black Voters Matter Fund*, 478 F. Supp. 3d at 1304 n.15.

Baker Donelson's untimely "inherent powers" argument also denies Plaintiffs

---

[1] Even if Baker Donelson were willing to swear that it did not work on Belair Woods, its sworn testimony would not settle the matter because Baker Donelson's assertion conflicts with Zak's testimony.  It is also at odds with the word-for-word overlap between the email attached to the Zak Declaration, which came from Baker Donelson according to Zak's testimony, and the contents of Box 5(f) on the IRS Form 8283 used in Belair Woods.  *See* Plaintiffs' Response in Opposition to Baker Donelson's Motion for Rule 11 Sanctions (Dkt. 257) at 10.  If Zak and Baker Donelson have differing accounts regarding their relationship, they can each offer testimony subject to cross-examination so the finder of fact may resolve the differing accounts.  That is how the litigation process is intended to operate—not by pretermitting the adversarial process altogether by filing sanctions motions.

3

and their counsel due process. Before courts impose sanctions under their inherent powers they "must afford the sanctioned party due process, both in determining that the requisite bad faith exists and in assessing fees." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). "Due process requires" that the party or person potentially subject to sanctions "be given fair notice that his conduct may warrant sanctions and the reasons why." *Id.* Crucially, "the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions." *Id.* at 5175-76. Baker Donelson's decision to raise this argument in reply denied Plaintiffs the opportunity to respond.

Although a reply brief is not a pleading, and therefore cannot be stricken under Rule 12(f), "courts have duly considered whether to entertain allegedly improper non-pleading filings even if they found that they could not strike such filings under Rule 12(f)." *Shenzhen Shenchuang Elec. Appliance Co., Ltd. v HauteHouse, LLC*, 1:18-CV-05337-SCJ, 2021 WL 5029295, at *2 (ND Ga Aug. 24, 2021) (citing cases). This Court should not entertain arguments that Baker Donelson could have raised in its opening brief but elected not to for whatever reason.

## **CONCLUSION**

Plaintiffs respectfully request that the Court disregard arguments that Baker Donelson raised for the first time in its Reply and that the Court deny Baker

4

Donelson's Motion in its entirety.

Date: December 14, 2021

                                       Respectfully submitted,

                                       */s/ Jeven R. Sloan*
                                       David R. Deary (admitted *pro hac vice*)
                                       W. Ralph Canada, Jr. (admitted *pro hac vice*)
                                       Jeven Sloan (GA Bar No. 652727)
                                       Wilson E. Wray, Jr. (admitted *pro hac vice*)
                                       John McKenzie (admitted *pro hac vice*)
                                       Donna Lee (admitted *pro hac vice*)
                                       Tyler M. Simpson (admitted *pro hac vice*)
                                       **LOEWINSOHN DEARY SIMON RAY LLP**
                                       12377 Merit Drive, Suite 900
                                       Dallas, Texas 75251
                                       (214) 572-1700 Telephone
                                       (214) 572-1717 Facsimile
                                       davidd@ldsrlaw.com
                                       ralphc@ldsrlaw.com
                                       jevens@ldsrlaw.com
                                       wilsonw@ldsrlaw.com
                                       johnm@ldsrlaw.com
                                       tylers@ldsrlaw.com
                                       donnal@ldsrlaw.com

                                       Edward J. Rappaport (GA Bar No. 594841)
                                       erappaport@saylorlaw.com
                                       **THE SAYLOR LAW FIRM LLP**
                                       1201 W. Peachtree Street
                                       Suite 3220
                                       Atlanta, GA 30309
                                       (404) 892-4400 Telephone

                                       *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), specifically, Times New Roman, 14 point.

This 14th day of December, 2021.

*/s/ Jeven R. Sloan*
Jeven R. Sloan

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 14, 2021, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system.

*/s/ Jeven R. Sloan*
