# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW LECHTER, et al., | ) |
| *Plaintiffs*, | ) ) ) ) |
| v. | ) ) ) CASE NO. 1:20-CV-01325-AT |
| APRIO, LLP f/k/a HABIF, AROGETI & WYNNE, LLP, et al. | ) ) ) ) JURY DEMAND |
| *Defendants*. | ) ) ) |

## DECLARATION OF DAVID R. DEARY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, David R. Deary, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am over 18 years of age, and if asked the testify, I could competently testify as stated herein. I have personal knowledge of the facts contained in this declaration based on my participation in the above-captioned action ("Action").

2. I am lead counsel for Plaintiffs in the Action. Plaintiffs are also represented by my firm, Loewinsohn Deary Simon Ray, LLP, additional lawyers who are members of Loewinsohn Deary Simon Ray, LLP, and Edward J. Rappaport of the Saylor Law Firm LLP.

3. Loewinsohn Deary Simon Ray, LLP ("LDSR") is a fourteen-lawyer, Dallas-based firm specializing in complex litigation, including class actions. LDSR has extensive experience in a wide range of state and federal litigation, including complex commercial disputes, intellectual property, products liability, and complex tort litigation. LDSR's attorneys have developed over the past twenty years highly specialized expertise in handling claims against professionals and professional service firms that design, promote, and implement complex tax shelters.

4. LDSR's attorneys have handled the full range of complex commercial litigation, including tax shelter/accounting fraud lawsuits and arbitrations across the United States, breach of contract, tortious interference with contract, fraud, deceptive trade practices, violations of federal statutes, business torts, and securities fraud. LDSR has also handled cases involving sophisticated intellectual property disputes.

5. W. Ralph Canada, Jr. and I are the two most senior attorneys in this Action at LDSR. Between us, we have tried dozens of cases in state and federal courts, on subjects ranging from professional malpractice to ERISA and probate to complex commercial torts.

6. I graduated with honors from The University of Texas School of Law in 1991 and have significant litigation and trial experience. My litigation practice is primarily complex commercial litigation including tax shelters, accounting fraud and negligence, business torts, contract disputes, partnership disputes, deceptive trade practices, fraud, trust and trustee disputes, real estate and landlord-tenant disputes, as well as complex tort litigation. I am admitted to practice law in the State of Texas; the U.S. District Court for the Northern, Southern, Eastern and Western Districts of Texas; the U.S. District Court for the Northern District of Illinois; the U.S. Court of Appeals for the Fifth Circuit; the U.S. Court of Appeals for the Seventh Circuit; the U.S. Court of Appeals for the Ninth Circuit; and the U.S. Supreme Court.

7. Mr. Canada graduated *cum laude* from Harvard Law School in 1979 and has previously been a partner in and a litigation head of the Dallas offices of two different national law firms. Mr. Canada also has significant litigation and trial experience, including in the areas of tax, business torts, contract disputes, securities fraud, fraud, copyright and trademark infringement, protection of trade secrets, ERISA and other pension plan disputes, employment and labor issues, banking and governmental regulatory issues, real estate development, construction and landlord-tenant disputes, and director's and officer's liability issues. Mr. Canada also spent eight years as a tax consultant prior to resuming the practice of law approximately twenty years ago. Mr. Canada is admitted to practice law in the State of Texas; the U.S. District Court for the Northern, Southern, Eastern and Western Districts of Texas; the U.S. District Court for the Western District of Michigan; the U.S. District Court for the Northern District of Illinois; the U.S. Court of Appeals for the Fifth Circuit; the U.S. Court of Appeals for the Second Circuit; the U.S. Court of Appeals for the Sixth Circuit; the U.S. Court of Appeals for the Seventh Circuit; and the U.S. Court of Appeals for the Ninth Circuit.

8. Other LDSR attorneys have played an active and important role in this Action. Jeven R. Sloan, Wilson E. Wray, Tyler M. Simpson, John W. McKenzie, and Donna Lee, all partners, have all spent substantial amounts of time working on this Action both before and since it was filed. Collectively, they have over eighty-five years of litigation and trial experience in areas including tax shelter fraud, investment fraud, fiduciary litigation, business torts, partnership disputes, contract disputes, landlord-tenant disputes, defamation, and director's and officer's liability issues.

9. Edward J. Rappaport has also played an active and important role in this Action, including assisting me and my firm in understanding nuances of tax law specific to the conservation easement deductions at issue in this Action. Mr. Rappaport is an attorney at the Saylor Law Firm in Atlanta. Mr. Rappaport has over 30 years' experience representing clients on federal and state tax planning, audits, and litigation, estate and trusts disputes, will contests, estate planning, business planning, and financial fraud matters. Mr. Rappaport is a member of the State Bar of Georgia and is admitted to practice in the United States Tax Court.

10. My firm and I also have significant class action experience, especially in the area of tax shelters. For instance, Mr. Canada, Mr. Sloan, and I were lead class counsel in *Denney, et al. v. Jenkens & Gilchrist, et al.*, No. 03 Civ. 5460, in the U.S. District Court for the Southern District of New York and in *Ling v. Cantley Sedacca, L.L.P.*, No. 04 Civ. 4566, in the U.S. District Court for the Southern District of New York. These actions resulted in significant recoveries for their class members. My firm has also filed a number of other class action lawsuits, including but not limited to other actions regarding disallowed conservation easement charitable contribution deductions that are currently pending in this Court: *Turk, et al. v. Morris, Manning & Martin, LLP, et al.*, No. 1:20-cv-02815; *Peskin, et al. v. Peachtree Investment Solutions, LLC, et al.*, No. 1:21-cv-00002; and *Hoover, et al. v. Strategic Capital Partners, LLC, et al.*, No. 1:21-cv-01299.

11. My firm and I have committed thousands of hours of attorney time and hundreds of thousands of dollars in out-of-pocket expenses researching the facts, law, and claims belonging to the class and brought in this Action and in pursuing this Action. This can be seen, *inter alia*, on the extensive docket for this Action, in Plaintiffs' First Amended Complaint, which is more than 190 pages long, and in the extensive briefing Plaintiffs filed in response to Defendants' motions to dismiss. My law firm has also hired, advanced payment to, and worked extensively with experts including Professor Nancy A. McLaughlin and appraiser Gerald R. Barber, who each

have prepared lengthy expert reports that are submitted in support of Plaintiffs' Motion for Class Certification.

12. I am not aware of any conflicts of interest that would prevent me, co-counsel, or our firms from adequately representing the interests of the proposed class.

13. As lead counsel in this Action, I am familiar with documents produced by the parties and non-parties to this Action and the transcripts of the depositions taken in this Action.

14. Attached hereto as Exhibit A is a true and correct copy of Defendant Aprio, LLP's Third Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories in this Action.

15. Attached hereto as Exhibit B is a true and correct copy of a Confidential Private Offering Summary for Maple Landing, LLC that was produced by Plaintiffs and that was Deposition Exhibit 8.

16. Attached hereto as Exhibit C is a true and correct copy of an email from ldhutch@bellsouth.net on behalf of Derek Hutcheson dated December 19, 2007, that was produced to Plaintiffs by non-party Derek Hutcheson.

17. Attached hereto as Exhibit D is a true and correct copy of an email from Brett Tyler to Richard Kopelman and Mitchell Kopelman dated February 22, 2009, that was produced by Plaintiffs.

18. Attached hereto as Exhibit E is a true and correct copy of excerpts of the deposition of Plaintiff Russell P. Dalba in this Action.

19. Attached hereto as Exhibit F is a true and correct copy of an email from Robert N. Greenberger to David Perlow and Russ Dalba dated November 16, 2010, that was produced by Plaintiffs and that was Deposition Exhibit 1.

20. Attached hereto as Exhibit G is a true and correct copy of an email from James Jowers to Russ Dalba dated December 21, 2010, that was produced by Plaintiffs and that was Deposition Exhibit 5.

21. Attached hereto as Exhibit H is a true and correct copy of Word document concerning Maple Landing that was produced by Defendants Nancy Zak and Forever Forests. The document was produced without a Bates label.

22. Attached hereto as Exhibit I is a true and correct copy of a fax from Lisa Getzinger c/o David Jacobson, MD to Mr. James Jowers on December 23, 2010, that was produced by Defendants Nancy Zak and Forever Forests. The document was produced without a Bates label.

23. Attached hereto as Exhibit J is a true and correct copy of redlined confidential private offering summary that was produced by Defendants Nancy Zak and Forever Forests. The document was produced without a Bates label.

24. Attached hereto as Exhibit K is a true and correct copy of excerpts of the deposition of Plaintiff Sylvia W. Thompson in this Action.

25. Attached hereto as Exhibit L is a true and correct copy of an email from Robert Greenberger to Sylvia Thompson dated September 23, 2011, that was produced by Plaintiffs and that was Deposition Exhibit 20.

26. Attached hereto as Exhibit M is a true and correct copy of an email from Matt Campbell to Sylvia Thompson dated December 7, 2011, that was produced by Plaintiffs.

27. Attached hereto as Exhibit N is a true and correct copy of excerpts of the deposition of Plaintiff Andrew Lechter in this Action.

28. Attached hereto as Exhibit O is a true and correct copy of an email from Robert Greenberger to Roger A. Kirschenbaum with a copy to Derek Hutcheson on February 23, 2013, that was produced by non-party Derek Hutcheson.

29. Attached hereto as Exhibit P is a true and correct copy of an email from Derek Hutcheson to Greg Rhodes, Robert Greenberger, and Ronald Levitt on November 27, 2013, that attached various executed tolling agreements and was produced by the Aprio Defendants.

30. Attached hereto as Exhibit Q is a true and correct copy of tolling agreements between various LLCs and Tennille & Associates, Inc. that was

produced by non-party Derek Hutcheson.[1] The document was produced without a Bates label.

33. Attached hereto as Exhibit R is a true and correct copy of letters sent to the members of Oakhill Woods, LLC, Englewood Place, LLC, Briarcreek Preserve, LLC, Maple Landing, LLC, and Village at Effingham, LLC dated November 25, 2014. The letters regarding Oakhill Woods, LLC, Englewood Place, LLC, Briarcreek Preserve, and Village at Effingham were produced by the Aprio Defendants. The letter regarding Maple Landing, LLC was produced by former Defendant Sirote.

32. Attached hereto as Exhibit S contains true and correct copies of (a) a letter sent to the members of Mossy Rock, LLC that was produced by Plaintiffs, (b) an email sent to the members of Cold Valley, LLC that was produced by Plaintiffs, (c) a letter sent to the members of Wildwood, LLC that was produced by Plaintiffs, and (d) a letter sent to the members of Dasher's Bay at Effingham, LLC that was produced by former Defendant Sirote.

33. Attached hereto as Exhibit T is a true and correct copy of a Form 8283 for Maple Landing, LLC that was produced by the Aprio Defendants.

34. Attached hereto as Exhibit U is a true and correct copy of a various documents from the files of Plaintiff Sylvia Thompson that include Mossy Rock offering documents. Exhibit U was produced by Plaintiffs and was Deposition Exhibit 21.

35. Attached hereto as Exhibit V is a true and correct copy of a various documents from the files of Plaintiff Sylvia Thompson that include Mossy Rock offering documents. Exhibit V was produced by Plaintiffs and was Deposition Exhibit 22.

36. Attached hereto as Exhibit W is a true and correct copy of an email from Dave Roberts to Greg Rhodes concerning comparables for Cottonwood and Red Oak that was produced by non-party Derek Hutcheson.

---

[1] Exhibit Q also contains handwritten notes on page 52.

Executed on August 23, 2022

                                                                     David R. Deary

# EXHIBIT A

# Being filed provisionally under seal