

**TYLER SIMPSON** *Partner*
214.572.1742   |   tylers@silveradearyray.com

November 20, 2024

<u>*Via Email*</u>
The Honorable Amy Totenberg
2388 Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

      RE:   *Andrew Lechter, et al. v. Aprio, LLP, et al*; U.S. District Court for Northern District of Georgia; Case No. 1:20-cv-01325

Dear Judge Totenberg:

    The Court ordered the parties to provide certain information concerning the citizenship of the parties and putative class members for CAFA jurisdiction purposes by November 22, 2024. Doc. 401. The parties write to explain their shared view that this Court has subject matter jurisdiction under CAFA and that no exception applies based on the pleadings and facts known at this time.[1] The parties respectfully submit that this conclusion, based on the law in the Eleventh Circuit, obviates the need to provide additional information about the citizenship of Aprio and the class, and respectfully request that the Court excuse them from doing so. However, if the Court still would like the parties to do so, the parties will provide all information requested in the Court's Order to the best of their ability.

**I.    The Court has subject matter jurisdiction under CAFA.**

    As this Court observed in its recent order (Doc. 408), district courts generally have original jurisdiction over class actions where three criteria are met: (1) the amount in

---

[1] Plaintiffs have asserted since their original complaint that the Court has subject matter jurisdiction under CAFA. Doc. 1 ¶ 10. Aprio and Greenberger admit in their answer that "this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)" (Doc. 263 at 10-11), and they agree in this letter that CAFA confers subject matter jurisdiction in this case.

The Honorable Amy Totenberg
November 20, 2024
Page 2

controversy exceeds $5 million, as aggregated from the claims of the individual class members; (2) the suit is brought as a class action for a proposed class of at least 100 members; and (3) at least one member of the class is a citizen of a different state than at least on defendant.  28 U.S.C. § 1332(d)(2); *Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1270 (11th Cir. 2016).  All three elements of CAFA minimal diversity are satisfied here.

As to the first element, on the date Plaintiffs filed the operative complaint (August 28, 2020), the three named-Plaintiffs were citizens of Georgia.  Doc. 155 ¶¶ 14-18.  Aprio is a Georgia limited liability partnership with its principal place of business in Georgia, and Robert Greenberger is a citizen of Georgia.  *Id.* ¶¶ 19-20.  But because Aprio is a limited liability partnership, it is a citizen of any state of which a partner is a citizen.  *E.g., Bal Harbor Shops, LLC v. Saks Fifth Ave. LLC*, 645 F. Supp. 3d 1321, 1325 (S.D. Fla. 2022).  On the date of filing, Aprio had partners who were citizens of the following states other than Georgia: Alabama, North Carolina, South Carolina, Florida, Colorado, and Tennessee.  Although Plaintiffs and Aprio are not able to know the citizenship of every putative class member on the date the lawsuit was filed, Plaintiffs' counsel has clients who are putative class members who were citizens in the following states at the time of filing: California, Florida, North Carolina, South Carolina, South Dakota, Texas, and Tennessee.  Thus, because there are putative class members who are citizens of California, South Carolina, South Dakota, and Texas—where Aprio and Greenberger are not citizens—there is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

As to the second element, Plaintiffs have pleaded that the amount in controversy for the proposed class action exceeds $5 million.  Doc. 155 ¶ 10.  There is ample evidence in the class certification record that the damages will exceed this amount.  *See, e.g.,* Doc. 332-23 at 3, Doc. 332-24 at 7 (showing investment offering prices that are collectively over $5 million for just the Maple Landing and Mossy Rock syndicates); Doc. 155 ¶ 319 (alleging damages for "substantial sums to participate in the SCE Strategy").  And Aprio does not contest this fact.

As to the third element, the chart attached to the Aprio Defendants' Interrogatory Responses shows that there are well over 100 potential class members.  Based on their review of this chart and the documents in this case, Plaintiffs have argued in their class briefing that the number of class members will likely exceed 750.

The Honorable Amy Totenberg
November 20, 2024
Page 3

## II.  None of the CAFA abstention exceptions apply.

The Court has asked whether certain exceptions to CAFA "foreclose or cut against the exercise of federal jurisdiction over this case." Those two exceptions are found in 28 U.S.C. § 1332(d)(4)(A) and (B), which are often referred to as the local controversy and home state exceptions, respectively. *See Hunter v. City of Montgomery*, 859 F.3d 1329, 1334 (11th Cir. 2017). Here, however, the parties agree that these exceptions do not pose a barrier to the exercise of subject matter jurisdiction in this case.

First, the two mandatory exceptions do not deprive the court of subject matter jurisdiction outright, but rather are akin to abstention doctrines. *See Blevins v. Aksut*, 849 F.3d 1016, 1019-20 (11th Cir. 2017). The language of CAFA makes clear that the exceptions involve "declin[ing] to exercise" jurisdiction *that is otherwise present*. *Id*. If the exceptions instead *extinguished* federal jurisdiction, § 1332(d)(4) would have said, "A district court does not have jurisdiction, notwithstanding paragraph (2) …"

Second, those two exceptions are narrow, and district courts must resolve "all doubts … in favor of exercising jurisdiction over the case." *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1267 (11th Cir. 2022) (internal quotations omitted); *accord Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F. App'x 899, 906 (11th Cir. 2016) (CAFA's "language favors federal jurisdiction over class actions").

Third, the party seeking to remand the case under one of the exceptions bears the burden of proving that an exception applies. *Simring*, 29 F.4th at 1267. Because the exceptions are not jurisdictional, a district court is not obligated to inquire into them *sua sponte*. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 n.1 (9th Cir. 2013). Instead, in most situations where courts have addressed these exceptions, the plaintiff has affirmatively moved to remand based on one of the exceptions. But given that both parties here agree that CAFA jurisdiction exists and that no exception applies, this case is in an unusual procedural posture.

Your Honor has previously faced a similar posture in *Johnson v. 3M Company*, Case No. 4:20-cv-8-AT, United States District Court for the Northern District of Georgia, Rome Division. The defendants had removed the case to this Court from state court, but the plaintiffs did not move for remand. The Court, as it has done here, issued a show cause order concerning CAFA jurisdiction. *Id.* at Doc. 104. The parties submitted briefing but agreed that CAFA jurisdiction was satisfied and that no exceptions applied. *Id.* at Doc. 112, 114. The Court held that "in light of the agreement by Plaintiff and Defendants to the

The Honorable Amy Totenberg
November 20, 2024
Page 4

factual basis for the inapplicability of the CAFA exceptions, namely … the fact that the current record does not necessitate the inference that two-thirds of the putative class are Georgia citizens, the Court finds that Defendants have met their prima facie burden for removal to this Court." *Id.* at Doc. 119. Because the elements of subject matter jurisdiction under CAFA are unquestionably met here and no party invokes one of the narrow exceptions, the Court's inquiry should end there.

But to the extent the Court wishes to delve into the CAFA exceptions, the parties also agree that neither exception applies. This is not a truly local case. As set forth above, Aprio prepared tax returns for SCE Strategy transactions whose participants included citizens of various states outside of Georgia, including states where Aprio partners were not citizens. The record before the Court does not establish that either exception applies.

The class definition is not restricted to Georgia but encompasses putative class members who are citizens of other states. Doc. 327 at 16-17. Thus, the class definition alone does not supply a basis to conclude that either exception applies. *See Simring*, 29 F.4th at 1267.

Moreover, neither party here can definitively establish that the class meets the "two-thirds" threshold of either exception. As Plaintiffs have stated above, Plaintiffs' counsel represents at least some putative class members who are citizens of different states than the Aprio Defendants. But the clients represented by Plaintiffs' counsel are not the complete universe of putative class members. And surveying the citizenship of the clients represented by Plaintiffs' counsel will not meet the evidentiary burden required to establish that an exception applies. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1157-58 (11th Cir. 2021) (rejecting "common sense" approach involving generalized data and surveys of class members to determine applicability of CAFA exception and reversing district court's order remanding case to state court).

Although Aprio could review each K-1 that it prepared to see what state is listed for each putative class member's mailing address, that information alone will not establish what states those putative class members were citizens of at the time the First Amended Complaint was filed. Citizenship requires more than residence; it requires showing of an individual or entity's "true, fixed, and permanent home and principal establishment." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). There is no indication on the face of the K-1s that the address listed is the person's place of citizenship. Moreover, even if one could make that assumption (which *Smith* says is improper), the putative class

The Honorable Amy Totenberg
November 20, 2024
Page 5

members could have moved and established different places of citizenship by the time the First Amended Complaint was filed.

Without definitive information showing the citizenship of each class member, neither party can make the evidentiary showing that an exception applies. *See, e.g., Gavron v. Weather Shield Mfg., Inc.* 2010 WL 3835115, at *5 (S.D. Fla. Sept. 29, 2010) ("guesswork … is impermissible under the *Evans* framework" for assessing CAFA exceptions). Remand is not an option since this case was not removed from state court, and dismissal based on a CAFA exception is impermissible under these circumstances. *See, e.g., Smith*, 991 F.3d at 1157-58 (11th Cir. 2021); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1166 (11th Cir. 2006) (despite plaintiffs submitting an affidavit that 93.8% of the known class members were Alabama citizens, the court refused to remand under local controversy exception). Like in *Evans*, at this stage the Court and the parties here "have no way of knowing what percentage of the plaintiff class" are citizens of Georgia (or another state where Aprio is a citizen). *Id.* The Court should, therefore, retain jurisdiction of this case.

* * *

The Court ordered Plaintiffs to submit a declaration identifying: (1) all Aprio LLP partners and their state of citizenship; (2) all Clower Kirsch & Associates LLC members and their state of citizenship; (3) all cognizable putative class members by initials only and their city and state of citizenship; and (4) the percentage of those putative class members who are citizens of each represented state. The parties have detailed in this letter the various states where Aprio partners were citizens at the time of filing. Plaintiffs have now dismissed the Clower Defendants. And the parties respectfully submit that the final two pieces of information are irrelevant to the Court's CAFA analysis given the case law and facts provided above. However, if the Court still wants the parties to submit information on points (3) and (4), the parties will endeavor to do so by November 22, 2024 (or a later date provided by the Court).

Sincerely,

SILVERA DEARY RAY PC

By: /s Tyler M. Simpson

The Honorable Amy Totenberg
November 20, 2024
Page 6

                        Tyler M. Simpson
                        Attorneys for Plaintiffs


                        BONDURANT MIXSON & ELMORE LLP


                        By: /s John H. Rains, IV
                           John H. Rains, IV
                           Attorneys for Defendants